UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ROBERT COLEY, ET AL** | : | **CIVIL ACTION NO. 14-2324** |
| **VERSUS** | | |
| | : | **JUDGE MINALDI** |
| **AEROFRAME SERVICES, LLC, AND AVIATION TECHNICAL SERVICES, INC.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court are the Motion to Remand and Motion for Attorney Fees filed by plaintiffs [doc. 7][1] and the Motion to Remand filed by defendant Aeroframe Services, LLC ("Aeroframe")[doc. 11].

## I.
### PROCEDURAL HISTORY

This case is one of fourteen related cases that was removed to this court.[2]  The plaintiff(s) in each case and Aeroframe have filed motions to remand in all fourteen cases.[3]  On January 30, 2015, this court issued a ruling in *Ashford v. Aeroframe Services, LLC, et al*, Dkt. No. 2:14-cv-992

---

[1] Throughout this opinion we reference documents contained in the record of this case, *Coley v. Aeroframe Services, LLC, et al* and additionally documents contained in the record of *Ashford v. Aeroframe Services, LLC et al.*, Dkt. No., 2:14-cv-992 (W.D. La 2014).  In order to avoid confusion any citations to documents in the *Ashford* case will be referenced as "Ashford doc. __."

[2] *See Ashford v. Aeroframe Services, LLC*, Dkt. No. 2:14-cv-992 (W.D. La. 2014); *Warner v. Aeroframe Services, LLC*, Dkt. No. 2:14-cv-983 (W.D. La. 2014); *Adams v Aeroframe Services, LLC,* Dkt. No. 14-984 (W.D. La. 2014); *Boring v. Aeroframe Services, LLC*, Dkt. No. 2:14-cv-985 (W.D. La. 2014); *Cleaves v. Aeroframe Services, LLC*, Dkt. No. 2:14-cv-986 (W.D. La. 2014); *Cooley v. Aeroframe Services, LLC*, Dkt. No. 2:14-cv-987 (W.D. La. 2014); *Gallow v. Aeroframe Services, LLC*, Dkt. No. 2:14-cv-988 (W.D. La. 2014); *Decologon v. Aeroframe Services, LLC*, Dkt. No. 2:14-cv-989 (W.D. La. 2014); *Blanton v. Aeroframe Services, LLC*, Dkt. No. 2:14-cv-990 (W.D. La. 2014); *Rackard v. Aeroframe Services, LLC*, Dkt. No. 2:14-cv-991 (W.D. La. 2014); *Morvant v. Aeroframe Services, LLC*, Dkt. No. 2:14-cv-2323 (W.D. La. 2014); *Cogdill v. Aeroframe Services, LLC*, Dkt. No. 2:14-cv-2325 (W.D. La. 2014); *Barreda v. Aeroframe Services, LLC*, Dkt. No. 2:14-cv-2538 (W.D. La. 2014).

[3] In this case and other related cases Roger A. Porter ("Porter") was not named as a third-party defendant and is thus not a party to the suit.

-1-

(W.D. La. 2014), denying the motions for remand and for attorney fees.  Ashford doc. 45. Following the ruling in *Ashford*, plaintiffs in all thirteen other related cases successfully sought a stay of the proceedings in order to seek review of that ruling.  *See, e.g.*, Docs. 18, 20.  That ruling was affirmed in part and reversed in part by the district court and remanded to the undersigned for further proceedings in accordance with the ruling.  Ashford, docs. 60, 61.

After successfully petitioning the district court for certification of the remand issue for appeal (Ashford, doc. 72), Ashford, Aeroframe, and Porter filed an appeal which was ultimately dismissed for lack of jurisdiction.  Ashford, doc. 75.  The district court then amended its previous order to the extent it had reversed the ruling of the undersigned.  Ashford, doc. 76, amending Adhford doc. 61.

Ashford, Aeroframe, and Porter again successfully sought leave to appeal the issue of remand from the district court (Ashford, doc. 83) but the court of appeal denied that request. Ashford, doc. 84.  Accordingly the ruling of this court with respect to the issue of remand in *Ashford* is as set forth in this court's ruling of January 30, 2015.  Ashford, doc. 45.

## II.
### POSTURE POST-ASHFORD

On August 23, 2016 the district court lifted its stay in this proceeding.  Doc. 21.  On August 24, 2016, the parties to this litigation were noticed by electronic order as follows:

> On or before 9/23/2016, movers are to provide to the court a supplemental memorandum setting forth how and to what extent the circumstances of this case differ from the ruling in *Ashford v. Aeroframe Services, LLC, et al*, docket no. 14-cv-992, denying motions to remand filed by plaintiff Michael Ashford and by Aeroframe Services, LLC., and Roger A. Porter. See Doc. 45 there.  Those opposing the motion have until 10/7/2016 to respond to any supplemental memorandum.  ***Facts alleged in the Ashford matter are not to be repeated.  The court seeks only information that would cause a result that would be different in this case than the result reached in Ashford.***

Doc. 22 (emphasis original).  In response to this order plaintiffs filed a supplemental memorandum in support of remand wherein they allege that this matter should be remanded (1) for the reasons previously briefed in the *Ashford* case; (2) because third-party defendant Porter is not a party to the suit; and (3) because the plaintiff in *Ashford* has filed a motion for summary judgment against Aeroframe seeking judgment as a matter of law against his former employer.  Plaintiffs contend that since Porter is not a party to this lawsuit there is no basis for party realignment as we found in *Ashford*.  Alternatively, plaintiffs maintain that the pending motion for summary judgment filed in *Ashford* is "affirmative proof" that that these parties are adverse and there has been no compromise between the parties.  Plaintiffs argue that since there is "definitive proof" that there is no agreement between plaintiffs and Areoframe, jurisdiction does not exist.  Doc. 23.

In response, defendant Aviation Technical Services, Inc. ("ATS") submits that all fourteen related cases should be treated identically.  ATS points out that plaintiffs fail to submit any issue of fact or law which would distinguish this case from *Ashford.*  It argues that Porter, although clearly implicated in this lawsuit, has not been made a party to the suit because of the timing of service of the petition and issues surrounding removability and acquiescence to state court jurisdiction.

ATS further contends that the pending "collusively–filed" motion for summary judgment fails to distinguish this case.  ATS suggests that motions pending in the *Ashford* matter were "strategically filed to set up grounds for dismissal" and are no different than the arguments previously espoused relative to remand.  Finally, ATS urges the court to grant its renewed Motion to Consolidate which is pending in the *Ashford* suit which would, in effect, moot this procedural irregularity.[4]

---

[4] ATS submitted a single memorandum in opposition to all fourteen related lawsuits. *See* Doc. 38 filed in *Warner v. Aeroframe Services, LLC, et al*, No. 2:14-cv-983 (W.D. La. 2014).

# III.

## DISCUSSION

Although cautioned that the court was not seeking a repeat of the arguments alleged in *Ashford*, but rather "information that would cause a result that would be different in this case than the result reached in *Ashford*," plaintiff nonetheless repeats arguments previously rejected by this court and the district court.  Porter's absence from this suit in no way affects our reasoning for realignment set forth in the *Ashford* matter.  There, we found that the "other paper" evidence showed that the interests of plaintiff, Aeroframe, and Porter were aligned against those of ATS. We determined that "[plaintiff] and Porter have no claim against each other and any claim [plaintiff] had against Aeroframe has been compromised."  *Ashford*, doc. 45, p. 18.  Porter's absence here simply means that plaintiff and Aeroframe would be aligned against ATS and complete diversity would still exist.

Furthermore, pending, undecided motions for summary judgment and to dismiss filed in *Ashford* do not warrant our reaching a different result in this matter.[5]  A review of those pleadings do not undermine our previous conclusions as to proper alignment of the parties.

Finally, ATS's Motion for Consolidation filed in Ashford (Ashford, doc. 87) is not referred to the undersigned for consideration and we make no decision regarding same.

---

[5] In the motion for summary judgment plaintiff seeks judgment against Aeroframe for unpaid wages, statutory penalties, and attorney fees in an amount of $35,200.  Ashford, doc. 85.  In its opposition to the motion (Ashford, doc. 90) Aeroframe first takes exception to this court's subject matter jurisdiction (alleging a lack of diversity and lack of the requisite amount in controversy) and refers the court to its separately filed Motion to Dismiss (Ashford, doc. 88). Aeroframe then disputes plaintiff's claim for statutory penalties and attorney's fees alleging that genuine issues of material fact exist as to why the wages were not paid.  Aeroframe submits the sworn affidavit of Roger Porter "the sole and only member of Aeroframe" to dispute these claims.  Ashford, doc. 90, att. 1.  Aeroframe's motion to dismiss alleges lack of jurisdiction because the amount in controversy, as evidenced by plaintiff's motion for summary judgment and supporting affidavit seeking less than $75,000, is not met.  Ashford, doc. 88.  It cannot be repeated enough that Porter, "the sole and only member of Aeroframe," is represented by the same firm as plaintiff.

## IV.
### CONCLUSION

In sum, we have been provided no reason and we find no reason why the pending motions in this matter should be treated any differently than those in *Ashford*.  Accordingly, for the reasons expressed in our January 30, 2015 ruling in *Ashford v. Aeroframe Services, LLC, et al,* No. 14-cv-992 (W.D. La. 2014),

**IT IS RECOMMENDED** that the motions to remand [docs. 7, 11] be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the motions for attorney fees be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court.  Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429-30 (5th Cir.  1996).

THUS DONE this 23 December 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE